744 P.2d 1173 (1987)
In the Matter of K.E. DOB: 11/03/82 A Minor Under the Age of Eighteen (18) Years.
No. S-1634.
Supreme Court of Alaska.
November 6, 1987.
D. Rebecca Snow, Asst. Atty. Gen., Fairbanks, Harold M. Brown, Atty. Gen., Juneau, for appellant.
Warren A. Taylor II, Aglietti, Pennington & Rodey, Fairbanks, for appellee C.E.
Michael J. Walleri, Fairbanks, for appellee Tanana Chiefs Conference, Inc.
Daniel L. Callahan, Schendel & Callahan, Fairbanks, guardian ad litem.
Lloyd Benton Miller, William R. Perry, Jill A. De La Hunt, Sonosky, Chambers, Sachse & Miller, Anchorage, for amici curiae in support of appellee Tanana Chiefs Conference, Inc.
Before BURKE, MATTHEWS, COMPTON and MOORE, JJ.

OPINION
PER CURIAM.
This appeal is from a final order of the superior court whereby jurisdiction of a termination of parental rights proceeding was ordered transferred to the Tanana Tribal Court under the authority of 25 U.S.C. § 1911(b). While this appeal was pending, we decided Native Village of Nenana v. State, 722 P.2d 219 (Alaska 1986) cert. denied, ___ U.S. ___, 107 S.Ct. 649, 93 L.Ed.2d 704 (1986). That case, like the one now before us, involved an attempt by an Alaska native village to obtain jurisdiction over a child custody matter involving village members. Id. at 220. Nenana sought an order from the superior court transferring jurisdiction over the case to the tribe under the Indian Child Welfare Act (ICWA), 25 U.S.C. § 1911(b).[1]
In Nenana, the superior court denied the tribe's[2] petition for transfer of jurisdiction because the tribe had failed to obtain the approval of the Secretary of the Interior of its plan for dealing with child custody matters as required by 25 U.S.C. § 1918(a).[3] 722 P.2d at 221. We affirmed. Id. at 222.
*1174 In this case the superior court granted the Tanana Chiefs Conference, Inc.'s (TCC) petition for transfer of jurisdiction. The state asks that we remand this case to the superior court with instructions that it vacate its order and conduct further proceedings consistent with our holding in Nenana, to determine whether Tanana Village has been authorized by the Secretary of the Interior to reassume jurisdiction over child custody matters. Appellee Guardian ad Litem (GAL) supports the state's position that a remand for reconsideration in light of Nenana is necessary.
In addition to arguing generally that the superior court's ruling was correct, appellee C.E., K.E.'s mother, asserts that since the issue of reassumption of jurisdiction was not raised in the superior court, it may not now be raised on appeal notwithstanding Nenana. When an issue not raised before the trial court is "critical to a proper and just decision, we will not decline to consider it, especially [as here] after all parties have had an opportunity to brief it." Matanuska-Susitna Borough v. Hammond, 726 P.2d 166, 182 (Alaska 1986).
TCC argues that "K.E. was clearly domiciled within the dependent indian community of Nenana." Since a separate subsection of ICWA deals with tribal jurisdiction over custody of children residing within the tribe's borders,[4] TCC argues that our decision in Nenana does not govern resolution of this case.
The Amici Curiae, seven non-profit corporations and one "central council," each representing the interests of numerous "native village tribes,"[5] support the affirmance of the superior court urged by appellee TCC, including the finding that K.E. was domiciled in Tanana Village. Amici Curiae view Nenana as not controlling, and present this court with a comprehensive analysis of the relevant cases, statutes, treatises and other authorities they believe support their position.
We have carefully considered the arguments presented by C.E., TCC and the Amici Curiae. We are persuaded, however, on the basis of the record before us, that our decision in Nenana is controlling authority.
We find it unnecessary at this point to resolve the question of K.E.'s residence or domicile. The statute setting forth requirements for reassumption of jurisdiction over custody matters makes no distinction with regard to custody proceedings involving children residing or domiciled with the tribe and those involving children living elsewhere; in either case the tribe must present a petition to the Secretary of the Interior that includes a suitable plan for dealing with custody matters before it "may reassume jurisdiction over child custody proceedings." 25 U.S.C. § 1918(a); see supra note 3. Once an Indian tribe has successfully so petitioned,[6] the extent of *1175 the tribe's jurisdiction is governed by 25 U.S.C. § 1911(a) and (b).
The order of the superior court transferring jurisdiction to the Tanana Tribal Court is hereby REVERSED and the case REMANDED to the superior court with instructions to proceed to determine whether Tanana Village has been authorized by the Secretary of the Interior to reassume jurisdiction over this matter. If the superior court finds such authorization, it must proceed in accordance with 25 U.S.C. § 1911.[7] If the court finds no authorization, it must proceed to consider the merits of the underlying petition for termination of parental rights.
RABINOWITZ, C.J., not participating.
NOTES
[1] Title 25, section 1911 provides in part:

(b) Transfer of proceedings; declination by tribal court. In any State court proceeding for the foster care placement of, or termination of parental rights to, an Indian child not domiciled or residing within the reservation of the Indian child's tribe, the court, in the absence of good cause to the contrary, shall transfer such proceeding to the jurisdiction of the tribe, absent objection by either parent, upon the petition of either parent or the Indian custodian or the Indian child's tribe: Provided, That such transfer shall be subject to declination by the tribal court of such tribe.
(Emphasis in original).
[2] We use the term "Indian tribe" here as defined in ICWA, which expressly includes Alaska Native villages. 25 U.S.C. § 1903(8), 43 U.S.C. § 1602(c).
[3] Title 25, section 1918(a) provides:

(a) Petition; suitable plan; approval by Secretary. Any Indian tribe which became subject to State jurisdiction pursuant to the provisions of [Public Law 280, key provisions codified at 18 U.S.C. § 1162 and 28 U.S.C. § 1360] or pursuant to any other Federal law, may reassume jurisdiction over child custody proceedings. Before any Indian tribe may reassume jurisdiction over Indian child custody proceedings, such tribe shall present to the Secretary [of the Interior] for approval a petition to reassume such jurisdiction which includes a suitable plan to exercise such jurisdiction.
[4] Title 25, section 1911(a) provides:

(a) Exclusive jurisdiction. An Indian tribe shall have jurisdiction exclusive as to any State over any child custody proceeding involving an Indian child who resides or is domiciled within the reservation of such tribe, except where such jurisdiction is otherwise vested in the State by existing Federal law. Where an Indian child is a ward of a tribal court, the Indian tribe shall retain exclusive jurisdiction, notwithstanding the residence or domicile of the child.
[5] The eight amici are: Aleutian/Pribilof Islands Association, Inc., Kodiak Area Native Association, Inc., Bristol Bay Native Association, Inc., Copper River Native Association, Inc., North Pacific Rim, Inc., the Association of Village Council Presidents, the Tlingit and Haida Central Council and the United Crow Band, Inc. These associations represent over a hundred individual "native village tribes."
[6] We note that there may be several possible outcomes when a petition is filed. The Secretary may grant the petition in full and allow reassumption or deny it, allowing the state to retain jurisdiction. There is also a middle ground created by 25 U.S.C. § 1918(b)(2), which provides:

In those cases where the Secretary [of the Interior] determines that the jurisdictional provisions of section 1911(a) of this title are not feasible, he is authorized to accept partial retrocession which will enable tribes to exercise referral jurisdiction as provided in section 1911(b) of this title, or, where appropriate, will allow them to exercise exclusive jurisdiction as provided in section 1911(a) of this title over limited community or geographic areas without regard for the reservation status of the area affected.
[7] Whether subsection (a) or (b) of 25 U.S.C. § 1911 applies will depend on the superior court's determination of K.E.'s domicile.